# CHAPTER 13 NARRATIVE STATEMENT OF PLAN

**RE:** Bobby J Elliott
Janie G Elliott

**Case No:** 4:10-bk-17818

**Payment to the Trustee** shall be made from the debtor(s)' employer as set forth below:

THE DEBTOR PROPOSES TO PAY  $1,082.77  per month for 60  months   TO THE TRUSTEE.

Name of Employer:  Self-Employed                    Self-Pay
Address:

Phone Number:

Indicate how often the Debtor is paid by checking the appropriate box below:
    ___ weekly      ___ semi-monthly      ___ Other: (Please specify)
    ___ bi-weekly      _X_ monthly

Indicate how often the Joint Debtor is paid by checking the appropriate box below:
    ___ weekly      ___ semi-monthly      ___ Other: (Please specify)
    ___ bi-weekly      ___ monthly

**The first plan payment will be made within thirty (30) days from the date this plan is filed.**

**PLAN LENGTH:**

The debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors for no less than 36 months (unless unsecured are being paid 100%) and the plan length shall not exceed 60 months.

The debtor(s)' plan length is  60  months.

**Disbursement of Funds shall be made as set forth in the remainder of the plan:**

I.    **ADMINISTRATIVE COSTS:**

    1. Trustee's Fees and Expenses.
    2. Filing Fee to be paid directly to Clerk, by the Debtor(s).
    3. Attorney Fees:*
        Amount Paid to Attorney prior to filing:      5,274.00
        Attorney Fees to be paid through the plan:      0.00

   *All Attorney Fees must be approved by separate application.

II.    **LONG TERM DEBTS:**
Secured debts, such as a home mortgage, and/or unsecured debts which will extend beyond the length of the plan, and in which the debtor will resume payments to such creditor upon completion of the plan pursuant to the terms of the original plan.

These debts shall be paid the regular monthly payment, plus an additional amount each month if an arrearage is owed until the arrearage is cured, in accordance with the requirements of 11 U.S.C §1322(b)(5).

| CREDITOR'S NAME | Regular Payment | Arrearage | Amt Per Month to Cure Arrearage |
|---|---|---|---|
| -NONE- | | | |

### III. SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:

Secured creditors who will retain their liens and be paid the value of their collateral or the amount of their allowed secured claim, **whichever is less**, shall be paid as follows:

**Any amount** claimed by the creditor **that exceeds the value of the collateral** will be treated as a **NONPRIORITY UNSECURED** claim.

| | CREDITOR'S NAME | DEBT SCHED | VALUE | INT RATE* | MO PYMT |
|---|---|---|---|---|---|
| 1. | Farmers & Merchants | 18,477.00 | 16,125.00 | | 412.00 |

*If this space is left blank, no interest is paid.

### IV. PROPERTY TO BE SURRENDERED:

The following are creditors to whom the debtor surrenders the property securing the claim in accordance with 11 U.S.C. §1325(a)(5)(C). **No further payments are to be made to the creditor on the secured claim; however, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.**

| | CREDITOR'S NAME | DESCRIPTION OF PROPERTY |
|---|---|---|
| 1. | Bank of Oklahoma | 2004 Mitsubishi Eclipse |
| 2. | Farmers & Merchants | 2001 Buick Century Custom Sedan |
| 3. | HSBC/Polars | 4-Wheeler |
| 4. | River Town Bank | Rental Property located at 118 E. Valley Street Perryville, Arkansas 72126 |
| 5. | River Town Bank | 8 Lots located at Big Rock Estates in Perryville, AR |
| 6. | River Town Bank | Dozer |

### V. PRIORITY DEBTS:

Allowed Priority claims shall be paid in full in accordance with 11 U.S.C. §1322(a)(2), **unless otherwise indicated in this plan.**

### VI. NONPRIORITY UNSECURED DEBTS:

**Allowed claims shall be paid 100% unless a different treatment is indicated below:**

( ) Unsecured creditors shall be paid a *definite percentage* of their claims as filed and allowed by this court. **That percentage is ____ %.**

( X ) Unsecured creditors shall receive a **PRO-RATA** dividend from funds remaining after payment of administrative, long-term secured/unsecured, secured, priority, child support and special nonpriority unsecured claims.

**VII. *SPECIAL* NONPRIORITY UNSECURED DEBTS:**

The following consumer debts shall be paid prior to other unsecured debts. The reason for the special treatment is stated below. Claims shall be paid 100% unless a different treatment is indicated.

| CREDITOR'S NAME | DEBT | INT RATE* | MO PYMT | REASON |
|---|---|---|---|---|
| -NONE- | | | | |

*If space is left blank, no interest is to be paid.

**VIII. DEBTS WHICH ARE *NOT* TO BE PAID BY THE TRUSTEE:**

The only debts which may be paid in this manner are:
1) Home mortgage, if current;
2) Lease payments, if current;
3) Child support payments per court order;
4) Debts which are actually being paid by someone other than the debtor from property that is not of the estate.

| | Creditor's Name | Description of Property/Nature of Obligation |
|---|---|---|
| 1. | River Town Bank | Backhoe<br>Nature: Business Equipment |
| 2. | Wells Fargo Home Mortgage | Primary Residence<br>33 Elliott Drive<br>Perryville, Arkansas 72126-8037<br>Nature: Mortgage |

**IX. EXECUTORY CONTRACTS:**

The debtor (__) **ASSUMES** or (__) **REJECTS** the following executory contract or unexpired lease. *If REJECTED*, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor's Name | Contract and/or Description of Leased Property |
|---|---|
| -NONE- | |

**X. SALE OF ASSETS:**

The debtor proposes to sell the described real estate or personal property, after court approval and notice to creditors and the trustee, and will commit the proceeds as follows:

| Property Description | Date by which sale is to be consummated | Total Proceeds | Disposition of Proceeds |
|---|---|---|---|
| -NONE- | | | |

XI.  **OTHER PROVISIONS:**

Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. §1322(b)(10), are as follows:

The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the debtor shall remain in possession of all property of the estate.

Post-Petition claims provided for under 11 U.S.C. §1305 and §1322(b)(6) may be added to the plan by the debtor and treated as though they were claims that arose before the commencement of the case.

**In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.**

In order to assist the debtor in performance of the plan, the trustee may from time to time grant refunds to the debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the debtor.

Dated: **November 11, 2010**

/s/ Bobby J Elliott
**Bobby J Elliott**
Debtor

/s/ Janie G Elliott
**Janie G Elliott**
Debtor

/s/ Pamela Perry
**Pamela Perry 2001220**
Attorney for Debtor(s)
**P.O. Box 2098**
**Little Rock, AR 72203-2098**
**(501) 604-3434**
**Fax:(501) 604-3351**